UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ISIAH LANG (#121747)

VERSUS                                          CIVIL ACTION

RANDY MAXWELL, ET AL                            NUMBER 11-362-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, June 7, 2011.

                                               STEPHEN C. RIEDLINGER
                                               UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ISIAH LANG (#121747)

VERSUS                                        CIVIL ACTION

RANDY MAXWELL, ET AL                          NUMBER 11-362-BAJ-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the petition of Isiah Lang for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

For the reasons which follow, the petition should be denied.

### State Court Procedural History

Petitioner pled guilty to one count simple burglary in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on November 15, 2007. Petitioner was sentenced to 12 years imprisonment at hard labor.

The First Circuit Court of Appeal affirmed the petitioner's conviction and sentence. *State of Louisiana v. Isiah Lang*, 2008-0440 (La. App. 1st Cir. 9/19/08), 993 So.2d 373 (Table). Petitioner did not seek supervisory review in the Louisiana Supreme Court.

Petitioner filed an application for post-conviction relief (PCRA) on November 17, 2008. The trial court denied the PCRA on June 5, 2009. Petitioner sought supervisory review on August 7,

2009.  The Louisiana First Circuit Court of Appeal denied review on October 26, 2009.  *State of Louisiana v. Isiah Lang* , 2009-1494 (La. App. 1st Cir. 10/26/09).  Petitioner sought writs to the Louisiana Supreme Court on November 12, 2009.  The Louisiana Supreme Court denied relief on November 5, 2010.  *State ex rel Isiah Lang, III v. State of Louisiana,* 2009-2507 (La. 11/5/10), 50 So.3d 819.

**Federal Habeas Corpus Application**

Petitioner signed his federal habeas corpus application on May 23, 2011, and it was filed on June 1, 2011.  Petitioner raised a single ground for relief: his guilty plea was not voluntarily, knowingly, and intelligently made.

Petitioner's federal habeas corpus application is timely.  No evidentiary hearing is required.

**Applicable Law and Analysis**

Section 2254(d) provides  as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(e)(1) provides as follows:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsection (d)(2) of § 2254 applies to a state court's factual determination. It bars federal court relief unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence." Subsection (d)(1) provides the standard of review for questions of law and mixed questions of law and fact. *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997).

The second clause of subsection (d)(1) refers to mixed questions of law and fact because it speaks of an "unreasonable application of ... clearly established Federal law." When the issue before the court is a mixed question of law and fact, the court may grant relief only if it determines that the state court decision rested on "an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court," to the facts of the case. The first clause of subsection (d)(1) refers to questions of law. When the issue raised involves a purely legal question, the court may grant relief only if it determines that a state court's decision rested on a legal

determination that was "contrary to...clearly established Federal law, as determined by the Supreme Court." *Id.*

Petitioner argued that his guilty plea was involuntary because he was induced to plead guilty as a result of threats that he would be prosecuted as a habitual offender if he chose to proceed to trial and was convicted.

A plea of guilty waives a number of constitutional rights. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712 (1969); *Joseph v. Butler*, 838 F.2d 786, 789 (5th Cir. 1988). Therefore, the Fourteenth Amendment Due Process Clause imposes certain requirements to ensure the validity of a guilty plea. *Fischer v. Wainwright*, 584 F.2d 691, 692 (5th Cir. 1978) (citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463 (1970); *Boykin*, 395 U.S. 238, 89 S.Ct. 1709; *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019 (1938). "*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 368 n. 22 (5th Cir. 2000). In addition, "the voluntary and intelligent nature of the plea [must] be apparent on the face of the record." *See Holloway v. Lynaugh*, 838 F.2d 792, 793 (5th Cir. 1988).

A plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609 (1998) (quoting *Brady*, 397 U.S. at

748, 90 S.Ct. at 1469). "The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Id*. (quoting *Brady*, 397 U.S. at 749, 90 S.Ct. at 1469). Pleas are involuntary when induced by threats, improper promises, deception, or misrepresentation. *See Daniel v. Cockrell*, 283 F.3d 697, 702-03 (5th Cir.), *cert. denied*, 537 U.S. 874, 123 S.Ct. 286 (2002); *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A plea qualifies as intelligent when the criminal defendant enters it after receiving 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574 (1941)). "Before the trial court may accept a guilty plea, the court must ensure that the defendant 'has a full understanding of what the plea connotes and of its consequence.'" *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991) (quoting *Boykin*, 395 U.S. at 244, 89 S.Ct. at 1709). "A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (citing *Henderson v. Morgan*, 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 2257 n. 13 (1976)).

A prisoner may not generally "collaterally attack a voluntary and intelligent" plea. *Taylor*, 933 F.2d at 329. A guilty plea

5

"entered by one fully aware of the direct consequences ... must stand unless induced by threat (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (*e.g.* bribes)." *See Brady*, 397 U.S. at 755, 90 S.Ct. at 1472. "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea ... will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981). A defendant's statements under oath at a plea hearing are entitled to a presumption of verity. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

Threats regarding additional charges or enhanced penalties are acceptable practices in plea negotiations. *U.S. v. Worth*, 227 Fed.Appx. 394, 397-98 (5th Cir. 2007); *Frank v. Blackburn*, 646 F.2d at 878-79; *Bordenkircher v. Hayes*, 434 U.S. 357, 365, 98 S.Ct. 663, 669 (1978)(the Due Process Clause of the Fourteenth Amendment did not prohibit a prosecutor from carrying out a threat, made during plea negotiations, to bring additional charges against an accused who refused to plead guilty to the offense with which he was originally charged). In *Brady*, the petitioner pleaded guilty to a

"entered by one fully aware of the direct consequences ... must stand unless induced by threat (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (*e.g.* bribes)." *See Brady*, 397 U.S. at 755, 90 S.Ct. at 1472. "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea ... will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981). A defendant's statements under oath at a plea hearing are entitled to a presumption of verity. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

Threats regarding additional charges or enhanced penalties are acceptable practices in plea negotiations. *U.S. v. Worth*, 227 Fed.Appx. 394, 397-98 (5th Cir. 2007); *Frank v. Blackburn*, 646 F.2d at 878-79; *Bordenkircher v. Hayes*, 434 U.S. 357, 365, 98 S.Ct. 663, 669 (1978)(the Due Process Clause of the Fourteenth Amendment did not prohibit a prosecutor from carrying out a threat, made during plea negotiations, to bring additional charges against an accused who refused to plead guilty to the offense with which he was originally charged). In *Brady*, the petitioner pleaded guilty to a

kidnapping charge to avoid the death penalty. After his conviction, the petitioner argued that a guilty plea is coerced and invalid if it is influenced by the fear of a possibly higher penalty for the crime charged if a conviction is obtained after the State is put to its proof. *Brady v. United States*, 397 U.S. at 750-51, 90 S.Ct. at 1469-70. The Court found the argument unpersuasive.

> We decline to hold that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged.

*Id.* at 751, 90 S.Ct. at 1470; accord, *Parker v. North Carolina*, 397 U.S. 790, 90 S.Ct. 1458 (1970).

Petitioner argued that his guilty plea was improperly induced by threats from the prosecutor (and his attorney) that if he did not plead guilty and he was subsequently convicted the prosecutor would seek to reindict him under the state's habitual offender law.

A review of the *Boykin* transcript[1] refutes the petitioner's contention that he was unlawfully coerced into pleading guilty. Petitioner was represented by his attorney during the plea hearing. The prosecutor advised the court that she extended an offer which

---

[1] Petitioner attached a copy of the *Boykin* Examination transcript to his § 2254 petition. Record document number 1-1, pp. 46-60 (hereafter, the *Boykin* Examination transcript page numbers are referenced).

7

provided that in exchange for a guilty plea the petitioner would not be prosecuted as an habitual offender.[2] Petitioner conferred with his attorney regarding the plea offer.[3] The attorney proposed a counteroffer which the State rejected.[4] After the court set the case for trial[5], the petitioner advised the court that he would "take the 12 years."[6] The trial judge questioned the petitioner regarding his desire to plead guilty.[7] Petitioner told the court that he did not have any other choice.[8] The court responded that he did have a choice and could proceed to trial.[9] Petitioner responded that "I'm going to plead guilty."[10]

During the *Boykin* examination, the trial judge informed the petitioner of the charges against him to which he intended to plead guilty.[11] The trial judge verified that the petitioner fully understood the charges against him and the sentencing ramifications

---

[2] *Boykin* Examination, p. 2.

[3] *Id.* at 2-4.

[4] *Id.* at 4.

[5] *Id.*

[6] *Id.* at 5.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.* at 6.

of his guilty plea.[12]

During the *Boykin* examination, the petitioner denied that he had been threatened by anyone but stated that he had been coerced into pleading guilty by the prosecutor and his attorney.[13] Petitioner stated that "they're telling me they're going to throw me away if I go to trial."[14] The trial judge explained that the prosecutor's statement was a fact rather than a threat. When further questioned by the trial judge whether anyone had threatened him to enter the plea, the petitioner responded that he had not been threatened and that he was entering the guilty plea because "it's in my best interest."

## Conclusion

The *Boykin* Transcript shows that the petitioner was not unlawfully coerced or threatened to enter a guilty plea. Petitioner was adequately informed and was fully aware of the consequences of his guilty plea. Consequently, the petitioner's guilty plea was voluntarily, knowingly and intelligently made.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the

---

[12] *Id.* at 6-12.

[13] *Id.* at 11.

[14] *Id.*

petition of Isiah Lang for habeas corpus relief be denied.

Baton Rouge, Louisiana, June 7, 2011.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE